UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEVIN MCMAHON, | ) | CASE NO. 3:26-CV-00825 (KAD) |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HARBOR FREIGHT TOOLS USA | ) | August 4, 2026 |
| INC., *et al*, | ) | |
| *Defendants*. | ) | |

**<u>MEMORANDUM OF DECISION</u>**
**RE: PLAINTIFF'S MOTION TO REMAND (ECF NO. 19)**

Kari A. Dooley, United States District Judge:

Plaintiff Kevin McMahon ("Plaintiff") is a resident and citizen of Connecticut who alleges

that he was injured on June 22, 2025, at a Harbor Freight retail store in West Hartford, Connecticut.

Compl., ECF No. 1-1 at 7, ¶¶ 8–9.[1]  According to the Complaint, Plaintiff was helping a store

employee load a storage cabinet onto a trailer when the employee dropped the cabinet, causing

Plaintiff to suffer personal injuries.  *Id*. at 7, ¶¶ 9–11.  Plaintiff filed this three-count negligence

action in Connecticut Superior Court, Judicial District of Hartford.  *See generally id*.  Named as

defendants were Harbor Freight Tools USA, Inc. ("Harbor Freight"), Harbor Freight Tools

Corporate, LLC ("Harbor Freight Corporate"), and Carmen Barrientos ("Ms. Barrientos"), who is

alleged to have been a supervisor at the store at the time of the incident.  *Id*. at 6, ¶¶ 2–4.

On May 27, 2026, Harbor Freight timely removed the action to this Court.  NOR, ECF

No. 1.  In the Notice of Removal, Harbor Freight invoked the Court's diversity jurisdiction under

28 U.S.C. § 1332, asserting that Harbor Freight and Harbor Freight Corporate are citizens of

Delaware and California and that the amount in controversy exceeds $75,000.  *Id*. at 1, 3.  Although

---

[1] Because the paragraph numbers in the Complaint reset with each count, the Court cites to both the page and paragraph number when referring to the Complaint.  *See* Compl., ECF No. 1-1 at 6–17.

Ms. Barrientos, like Plaintiff, is a citizen of Connecticut, Harbor Freight contends that her citizenship should be disregarded because she was fraudulently, or improperly, joined in this action for the purpose of defeating diversity jurisdiction. *Id*. at 3–7. Pending before the Court is Plaintiff's Motion to Remand. ECF No. 19. Therein, Plaintiff does not dispute that complete diversity exists between himself and the Harbor Freight entities, or that the amount of controversy is satisfied. *See generally id*. Plaintiff argues only that Harbor Freight has not and cannot establish that Ms. Barrientos was fraudulently joined. *Id*., ECF No. 19-1 at 4–5. For the reasons that follow, the motion to remand is **GRANTED**.

**Standard of Review**

The federal removal statute permits a civil defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "Congress has given the federal district courts original jurisdiction over civil actions between 'citizens of different States' where, as here, the amount in controversy exceeds $75,000." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004) (quoting 28 U.S.C. § 1332(a)). "The citizenship requirement for diversity jurisdiction has been interpreted to mean complete diversity so that each plaintiff's citizenship must be different from the citizenship of each defendant." *Id*. (citation omitted). Further, an action that is removable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This latter prohibition is oft referred to as the "forum defendant rule."

2

"On a motion to remand, the court construes all factual allegation in favor of the party seeking the remand." *Wise v. Lincoln Logs, Ltd.*, 889 F. Supp. 549, 551–52 (D. Conn. 1995) (citations omitted). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Mihok v. Medtronic, Inc.*, 119 F. Supp. 3d 22, 26 (D. Conn. 2015) (quoting *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013)).

"[A] plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants[,] parties with no real connection with the controversy." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460–61 (2d Cir. 1998) (citations omitted). Accordingly, under the doctrine of "fraudulent joinder," "courts overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court." *Briarpatch Ltd.*, 373 F.3d at 302 (citing *Pampillonia*, 138 F.3d at 461).[2] "Put another way, 'joinder will be considered fraudulent when it is established that there can be no recovery against the defendant under the law of the state on the cause alleged." *Mihok*, 119 F. Supp. 3d at 34 (cleaned up) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001)); *see also Soto v. Bushmaster Firearms Int'l, LLC.*, 139 F. Supp. 3d 560, 562 (D. Conn. 2015) (describing fraudulent joinder as applying "when it is objectively reasonable to infer that the plaintiff has engaged in a form of litigation abuse") (citation omitted).

---

[2] Because Ms. Barrientos is both a non-diverse defendant and a resident of the forum statute, the doctrine, if established, would also permit the Court to overlook the forum defendant rule of 28 U.S.C. § 1441(b)(2). *See Kenneson v. Johnson & Johnson, Inc.*, No. 3:14-cv-1184 (MPS), 2015 WL 1867768, at *2 n.1 (D. Conn. Apr. 23, 2015). Harbor Freight does not contend that Plaintiff engaged in "outright fraud" in his pleadings, *see Pampillonia*, 138 F.3d at 461, and the Court therefore analyzes the motion only under the "no possibility" standard, *id*.

3

"The defendant bears the heavy burden of proving [fraudulent joinder] by clear and convincing evidence, with all factual and legal ambiguities resolved in favor of plaintiff." *Briarpatch Ltd.*, 373 F.3d at 302 (citing *Pampillonia*, 138 F.3d at 461). "The fraudulent joinder standard is strictly applied. . . . Even allegations that are general and at times in barebones language may be sufficient to defeat a claim of fraudulent joinder," and a defendant cannot carry his burden merely by asserting "that the complaint fails to state a claim against a non-diverse defendant." *Mihok*, 119 F. Supp. 3d at 34–35 (internal quotation marks and citations omitted).[3]

**Allegations**

This common-law negligence action arises out of an accident that occurred on June 22, 2025, at Harbor Freight's retail store in West Hartford, Connecticut. Compl., ECF No. 1-1. In Counts One and Two, Plaintiff alleges that Harbor Freight and Harbor Freight Corporate, respectively, owned and operated the store at the time of the incident. *Id*. at 6, ¶¶ 5–6. Plaintiff alleges that, while he was helping a store employee load a storage cabinet onto a trailer, the employee dropped the cabinet, causing Plaintiff to sustain personal injuries. *Id*. at 7, ¶ 9.

In Count Three, Plaintiff alleges that Ms. Barrientos was the Sales Supervisor at the store at the time of the incident and owed Plaintiff a duty to avoid injuring him. *Id*. at 14, ¶¶ 5, 7–8. Plaintiff further alleges that Ms. Barrientos, in her capacity as Sales Supervisor, was negligent in that she, among other things, failed to provide adequate personnel to lift and load the cabinet; permitted or required the cabinet to be lifted manually; failed to ensure that trained and authorized

---

[3] While courts in this Circuit do not always apply the strict "no possibility" standard, and some have instead asked whether there is "no reasonable basis" for anticipating liability, *see Oliva v. Bristol-Myers Squibb Co.*, No. 3:05-cv-486 (JCH), 2005 WL 3455121, at *2 (D. Conn. Dec. 16, 2005) (discussing variations); *see also Mihok*, 119 F. Supp. 3d at 34 n.7, even the latter seemingly more lenient inquiry requires proof by "clear and convincing evidence," and the standard thus remains a "high one" in either case. *Oliva*, 2005 WL 3455121, at *2; *cf. Soto*, 139 F. Supp. 3d at 563 n.6 ("While courts in this Circuit have applied varying formulations of the standard for fraudulent joinder, . . . analysis of the cases shows that, in substance, the courts are applying the 'no possibility' standard set forth in *Pampillonia*, *see* 138 F.3d at 461, which is the standard applied here."). As discussed *infra*, the Court would decline to find fraudulent joinder under either formulation.

4

personnel were available to operate the mechanical lifting equipment necessary to load the cabinet; failed to follow the manufacturer's warnings; failed to warn Plaintiff that the cabinet should not be lifted manually; and failed to inspect and assess the safety of the loading procedure. *Id*. at 15, ¶ 11.

Plaintiff commenced this action in the Connecticut Superior Court, Judicial District of Hartford. *See generally* id. On May 27, 2026, Harbor Freight timely removed the case to this Court. ECF No. 1. Plaintiff filed a motion to remand on June 9, 2026. ECF No. 19. Defendants filed their Answer on June 17, 2026, ECF No. 20, and filed an opposition to the motion to remand on June 30, 2026, ECF No. 27. Plaintiff filed a reply on July 10, 2026. ECF No. 28.

**Discussion**

Harbor Freight has not met its heavy burden of establishing that Ms. Barrientos was fraudulently joined in this action, because it has failed to establish that there is "no possibility" that Plaintiff's negligence claim against Ms. Barrientos can be maintained in state court. *Briarpatch Ltd.*, 373 F.3d at 302.

Connecticut law has long recognized that an individual may be held personally liable for their own tortious conduct committed in the course of their employment. "Where . . . an agent or officer commits or participates in the commission of a tort, whether or not he acts on behalf of his principal or corporation, he is liable to third persons injured thereby." *Scribner v. O'Brien, Inc.*, 363 A.2d 160, 168 (Conn. 1975). Furthermore, this district has repeatedly found that "Connecticut law allows a plaintiff who has been injured on a company's premises to maintain a claim for negligence not only against the company itself but also against individual company employees who are responsible." *Reynolds v. Dollar Tree Distrib., Inc.*, No. 3:19-cv-01137 (JAM), 2020 WL 1129909, at *3 (D. Conn. Mar. 9, 2020); *accord Sweeting v. Dollar Tree Stores, Inc.*,

No. 3:22-cv-472 (OAW), 2023 WL 4043918, at *5 (D. Conn. June 16, 2023). This rule is not confined to store managers or other management personnel. Rather, by its terms, it reaches any employee who commits or participates in the tort. *See generally Cuaya v. Compere*, No. 3:23-cv-01214 (JAM), 2023 WL 8231225 (D. Conn. Nov. 28, 2023) (remanding where a bus driver and bus monitor were named as defendants alongside their corporate employer). Additionally, the rule is not confined to premises liability cases. *See*, *e.g.*, *Meek v. Wal-Mart Stores, Inc.*, 806 A.2d 546, 552 (Conn. App. 2002) (affirming a negligence verdict against a retailer and two of its employees for injuries caused by falling merchandise). Against this settled backdrop, the Court considers each of Harbor Freight's arguments, mindful that "it is not for this Court to decide the merits of the claim at this stage or for the purposes of determining fraudulent joinder." *Cantafi v. Graybeal*, No. 3:23-cv-1256 (KAD), 2024 WL 3271931, at *4 (D. Conn. July 2, 2024).

Harbor Freight first argues that Ms. Barrientos cannot be held individually liable because she did not commit the alleged tort and was not responsible for Plaintiff's injuries. Defs.' Opp'n, ECF No. 27 at 8–11. In support, it asserts that Ms. Barrientos was not the store owner, the store manager, or a sales supervisor. *Id*. at 9. Instead, she held the position of "Supervisor-Logistics," two levels below the store manager. *Id*. at 9–10. This argument is flawed for two reasons.

First, such assertions simply contradict the Plaintiff's allegations and generally go to the merits of the Plaintiff's claims, not their viability. And on a motion to remand, "the court construes all factual allegations in favor of the party seeking the remand." *Wise*, 889 F. Supp. at 551–52. Further, the defendant's unsworn denials, as contained in its Answer and memorandum, do not satisfy a clear-and-convincing-evidence standard. Whether, as a factual matter, Ms. Barrientos held a sales supervisor position at the time or bore any responsibility for the manner in which the cabinet was loaded or the resources available to assist in the loading, are precisely the sorts of

6

factual disputes that will ultimately (at least arguably) dictate whether Ms. Barrientos has any personal liability for Plaintiff's injuries. Further, significantly, Plaintiff has clarified in his Reply that he does *not* sue the Harbor Freight entities as joint tortfeasors with Ms. Barrientos.[4] Reply, ECF No. 28 at 2–3. Rather he sues them as vicariously liable for Ms. Barrientos' negligence. *Id*. In other words, if the fact finder determines that Ms. Barrientos is not liable for Plaintiff's injuries, neither will the Harbor Freight entities be liable for Plaintiff's injuries. Under this theory, clearly, Ms. Barrientos cannot be said to have "no real connection with the controversy." *Pampillonia*, 138 F.3d at 461.

Second, setting aside the evidentiary concerns, Harbor Freight's argument is, in substance, that the complaint fails to state a claim against Ms. Barrientos. However, in establishing fraudulent joinder so as to defeat a motion to remand, it is "not sufficient to argue that the complaint fails to state a claim against that defendant." *Stan Winston Creatures v. Toys "R" Us*, 314 F. Supp. 2d 177, 182 (S.D.N.Y. 2003). And Harbor Freight's related observation that Plaintiff "has not cited a single case" in which a store employee was held responsible for injuries sustained by a person helping a different employee load an item fare no better. Defs.' Opp'n, ECF No. 27 at 10. Whether such a case has ever resulted in a reportable decision is of no moment. The question is whether there is "no possibility" of recovery under state law. *See Cuaya*, 2023 WL 8231225, at *3. And as discussed above, Plaintiff's allegations fit comfortably within the scope of common law negligence claims under Connecticut law.

Lastly, Harbor Freight argues that Plaintiff cannot recover damages from both Harbor Freight and Ms. Barrientos for the same acts because a plaintiff who proceeds against an employer

---

[4] Plaintiff's reliance on vicarious liability alone with respect to the Harbor Freight entities is not clear from the Complaint, which appears to identify the Harbor Freight entities as independently liable in negligence. As clarified, however, the case for remand is even stronger.

on a theory of vicarious liability may not also recover from the employee for that same conduct. Defs.' Opp'n, ECF No. 27 at 11. The Court agrees. However, the rule precluding double recovery by a plaintiff does not render the claim against Ms. Barrientos non-cognizable. A plaintiff is entitled to name both the employee who is allegedly responsible for the injury and the employer alleged to be vicariously liable for it, and to litigate those claims concurrently, leaving any recovery between them to a later stage. *See Alvarez v. New Haven Reg., Inc.*, 735 A.2d 306, 311 (Conn. 1999) (recognizing that the plaintiff could have brought an action against both the negligent employee and her employer). Whether, and to what extent, Plaintiff may ultimately recover from Ms. Barrientos, and/or Harbor Freight on a vicarious-liability theory, are questions for another day and another forum. Again, this argument goes to the merits of Plaintiff's claim, or more to the point, to the measure of relief to which he may be entitled if both Harbor Freight and Ms. Barrientos are determined to be liable. It does not answer the question of whether Plaintiff *could* assert his negligence claim against Ms. Barrientos in state court. *See Cantafi*, 2024 WL 3271931, at \*4. The argument also depends on the very question that remains in genuine dispute: the extent to which, *if at all*, Ms. Barrientos bears any responsibility for Plaintiff's injury.

For all of these reasons, Harbor Freight has not met the high standard for establishing fraudulent joinder. Thus, Ms. Barrientos' Connecticut citizenship cannot be disregarded, and the Court clearly does not have diversity jurisdiction in this case. *See* 28 U.S.C. § 1332(a).

**Conclusion**

Plaintiff's Motion to Remand, ECF No. 19, is **GRANTED**. The Clerk of Court is respectfully directed to (1) remand this case back to the State of Connecticut Superior Court, Judicial District of Hartford, from which it was removed, and (2) close this case.

**SO ORDERED** this 4th day of August 2026 at Bridgeport, Connecticut.

 */s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE